Jodi K. Swick No. 228634
John T. Burnite No. 162223
**McDOWELL HETHERINGTON LLP**
1 Kaiser Plaza, Suite 340
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: jodi.swick@mhllp.com
john.burnite@mhllp.com

Attorneys for Plaintiff
MINNESOTA LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>G.M.; A.M.; and DOES 1-10,<br><br>Defendants. | Case No. 2:19-cv-00054-JAM-EFB<br><br>**STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER** |

Upon review and approval of the Stipulation and Order for Entry of Judgment, it appearing that this Court has jurisdiction of the parties and the subject matter set forth in Plaintiff Minnesota Life Insurance Company's Complaint in Interpleader filed in this action, and for good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That prior to October 31, 2012, Minnesota Life issued group term life insurance policy number 34017(the "Life Policy") and Voluntary Accidental Death and Dismemberment Policy number 33957 (the "AD&D Policy") to Apple, Inc. providing life insurance coverage to its eligible employees, including the Danille McColloch. The

Life Policy and AD&D Policy (collectively 'the Policies") are part of Apple's employee welfare benefit plan governed by ERISA ("Plan").

2. That Danille McColloch completed beneficiary designations for the Policies, on October 31, 2012, as follows:

  a) Life Insurance - $1,476,000.00 in benefits ($296,000.00 basic life and $1,180,000.00 supplemental life)
    1. 75% to Brett J. McColloch (her spouse) ($1,107,000.00); and
    2. 25% to G.M. (her daughter) ($369,000.00);
  b) AD&D Insurance - $1,476,000.00 in benefits ($296,000.00 basic AD&D and $1,180,000.00 supplemental AD&D)
    1. 50% to Brett J. McColloch ($738,000.00); and
    2. 50% to G.M. ($738,000.00).

3. That Danille McColloch ("Decedent") died on September 30, 2017 and death benefits under the Polices became payable.

4. That shortly after the Decedent's death, Minnesota Life received notice of the Decedent's death and opened a claim for death benefits under the Policies. Minnesota Life paid $1,845,000.00 to Brett McColloch under the terms, conditions and provisions of the subject Policies, and pursuant to the subject ERISA plan. However, with respect to the balance of benefits owed under the Policies ($1,107,000.00) ("Death Benefits"), Minnesota Life received conflicting and adverse claims to the Death Benefits, including from defendant G. M. and defendant A.M. (The Decedent's first child, G.M., was born in 2011. The Decedent's second child, A.M., was born in 2016.)

5. That Minnesota Life contends that it was unable to safely pay the Death Benefits payable under the Policies without being exposed to multiple or double liability to the defendants.

6. That Minnesota Life possessed a real and reasonable fear of double liability or conflicting claims related to the Death Benefits payable under the Policies.

7. That on January 8, 2019, Minnesota Life filed a Complaint in Interpleader in

this Court.

8. That this case is at issue because defendant A.M. filed an Answer on March 18, 2019 and defendant G.M filed an Answer on March 19, 2019.

9. That on April 17, 2019, Minnesota Life deposited with the Court the total sum of $1,123,923.46, representing the Death Benefits plus accrued interest owed under the Policies.

10. That Minnesota Life is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the Death Benefits payable under the Policies.

11. That Minnesota Life is a citizen of the state of Minnesota, and all defendants are citizens of the State of California.

12. That the amount in controversy in this action exceeds $75,000 because the subject Death Benefits total $1,107,000.

13. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and Federal Rule of Civil Procedure Rule 22 because Minnesota Life is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000. "Federal Rule of Civil Procedure 22 permits interpleader action if the amount in controversy exceeds $75,000 and if there is complete diversity between the stakeholder and all of the claimants, even if some of the claimants are citizens of the same state." *Prudential Ins. Co. v. Wells*, 2009 U.S. Dist. LEXIS 43276, p.2 (N.D. Cal. May 21, 2009); see also, *Gelfren v. Republic Nat'l. Life Ins. Co.*, 680 F.2d 79, 81, fn1 (9th Cir. 1982).

14. That this Court also has jurisdiction over this matter pursuant 28 U.S.C. § 1331 because the Policies are part of an employee welfare benefit plan which is governed by ERISA.

15. That Minnesota Life has properly filed the Complaint in Interpleader and stated a proper cause for interpleader.

16. That having brought this action and deposited with the Court the subject Death Benefits plus accrued interest, in the amount of $1,123,923.46, Minnesota Life, its

predecessors, successors, affiliates, parent corporation, officers and agents are fully and forever released, discharged and acquitted of any liability of any kind or nature whatsoever with respect to the terms of the Policies and/or Plan, the Death Benefits payable under the Policies and/or Plan, and/or the death of Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

17. That defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Minnesota Life, its predecessors, successors, affiliates, parent corporation, officers and agents with respect to the terms of the Policies and/or Plan, the Death Benefits payable under the Policies and/or Plan, and/or the death of Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

18. That Minnesota Life is dismissed with prejudice from this action.

19. That this action shall proceed between the defendants.

20. That all parties are to bear their own fees and costs with respect to the order and judgment for discharge in interpleader and dismissal with prejudice as to Minnesota Life.

Dated: April 24, 2019

Hon. John A. Mendez
UNITED STATES DISTRICT COURT JUDGE